# EXHIBIT 6

## CLOSING CERTIFICATE

The following certificate is delivered by the undersigned to MMA Financial Warehousing, LLC a Maryland limited liability company and its successors and assigns (collectively, the "Investor Limited Partner") and to each member and manager of the Investor Limited Partner, to induce the Investor Limited Partner to enter into the Amended and Restated Agreement of Limited Partnership of Kings Crossing, L.P., a South Carolina limited partnership (the "Partnership") dated as of December 1, 2003 (the "Partnership Agreement") and certain related documents. Capitalized terms used but not defined herein shall have the meanings attributed thereto in the Partnership Agreement.

The undersigned jointly and severally certify to the Investor Limited Partner and each member and manager of the Investor Limited Partner as follows:

ALL REPRESENTATIONS AND WARRANTIES OF THE GENERAL PARTNERS CONTAINED IN THE PARTNERSHIP AGREEMENT ARE TRUE AND CORRECT TO THE SAME EXTENT AS IF MADE ON AND AS OF THE DATE HEREOF.

ALL CONDITIONS TO THE OBLIGATION OF THE INVESTOR LIMITED PARTNER TO PAY THE FIRST INSTALLMENT OF ITS CAPITAL CONTRIBUTION UNDER THE PARTNERSHIP AGREEMENT HAVE BEEN SATISFIED.

ALL OBLIGATIONS OF THE UNDERSIGNED REQUIRED TO BE PERFORMED AT OR PRIOR TO THE DATE HEREOF AND/OR AT OR PRIOR TO THE DATE OF THE PAYMENT OF THE FIRST INSTALLMENT OF THE CAPITAL CONTRIBUTION OF THE INVESTOR LIMITED PARTNER UNDER THE PARTNERSHIP AGREEMENT HAVE BEEN PERFORMED.

THE PARTNERSHIP HAS OBTAINED CREDIT ALLOCATION FOR 2002 LOW-INCOME HOUSING TAX CREDITS FROM THE CREDIT AGENCY IN THE AMOUNT OF AT LEAST $284,413 PER ANNUM FOR THE PROJECT AND THE SAME IS IN FULL FORCE AND EFFECT.

THE PROJECT AS CONSTRUCTED WILL BE SUBSTANTIALLY IDENTICAL TO THE PROJECT DESCRIBED IN THE APPLICATION SUBMITTED TO THE CREDIT AGENCY TO OBTAIN THE CREDIT ALLOCATION.

THE PARTNERSHIP WILL SATISFY ALL REQUIREMENTS IMPOSED FROM TIME TO TIME UNDER THE CODE WITH RESPECT TO RENTAL LEVELS AND OCCUPANCY BY QUALIFIED TENANTS BY THE CLOSE OF THE FIRST YEAR OF THE CREDIT PERIOD AND THROUGHOUT THE COMPLIANCE PERIOD SO AS TO PERMIT THE PARTNERSHIP TO BE ENTITLED TO THE ANNUAL LOW-INCOME HOUSING CREDIT UNDER SECTION 42 OF THE CODE AND THE REGULATIONS THEREUNDER THROUGHOUT THE COMPLIANCE PERIOD.

ALL OF THE DWELLING UNITS IN THE PROJECT WILL BE LEASED TO PERSONS SATISFYING THE INCOME RESTRICTIONS UNDER SECTION 42(G)(1)

W294359.1

OF THE CODE AT RENTS SATISFYING THE RENT RESTRICTIONS OF SECTION 42(G)(2) OF THE CODE.

THE PARTNERSHIP HAS MADE AND WILL MAKE ALL APPROPRIATE LOW-INCOME HOUSING CREDIT ELECTIONS IN A TIMELY FASHION.

ALL RENTAL UNITS IN THE PROJECT ARE OF EQUAL QUALITY WITH COMPARABLE AMENITIES AVAILABLE TO LOW-INCOME TENANTS ON A COMPARABLE BASIS WITHOUT SEPARATE FEES.

NO PERSON OR ENTITY HOLDS ANY EQUITY INTEREST IN THE PARTNERSHIP OTHER THAN THE PARTNERS OF THE PARTNERSHIP.

THE PARTNERSHIP HAS THE SOLE RESPONSIBILITY TO PAY ALL MAINTENANCE AND OPERATING COSTS, INCLUDING ALL TAXES LEVIED AND ALL INSURANCE COSTS, ATTRIBUTABLE TO THE PROJECT.

THE PARTNERSHIP, EXCEPT TO THE EXTENT IT IS PROTECTED BY INSURANCE AND EXCLUDING ANY RISK BORNE BY ANY LENDER, BEARS THE SOLE RISK OF LOSS IF THE PROPERTY IS DESTROYED OR CONDEMNED OR THERE IS A DIMINUTION IN THE VALUE OF THE PROJECT.

NO PERSON OR ENTITY EXCEPT THE PARTNERSHIP HAS THE RIGHT TO ANY PROCEEDS, AFTER PAYMENT OF ALL INDEBTEDNESS, FROM THE SALE, REFINANCING OR LEASING OF THE PROJECT.

THE PROJECT DOES NOT AND WILL NOT RECEIVE ASSISTANCE UNDER THE HUD SECTION 8 MODERATE REHABILITATION PROGRAM.

THE FAIR MARKET VALUE OF THE PROJECT UPON COMPLETION THEREOF IS NOT EXPECTED TO BE LESS THAN THE AGGREGATE INDEBTEDNESS ENCUMBERING THE PROJECT AT SUCH TIME.

THE PROJECT IS NOT IN VIOLATION OF ANY STATE OR LOCAL HEALTH OR BUILDING CODE OR REGULATION.

THE PARTNERSHIP WILL OBTAIN FROM ALL TENANTS OF THE LOW INCOME UNITS APPROPRIATE INFORMATION TO VERIFY THEIR INCOMES AND FAMILY SIZES, AND THE PARTNERSHIP WILL COMPLY IN ALL RESPECTS WITH THE COMPLIANCE MONITORING PLAN ESTABLISHED BY THE RELEVANT TAX CREDIT MONITORING AGENCY PURSUANT TO TREASURY REGULATIONS ISSUED UNDER SECTION 42(M) OF THE CODE.

NO QUALIFIED LOW INCOME UNIT IN THE PROJECT WILL BE OCCUPIED OTHER THAN BY A QUALIFIED TENANT UNDER A BONA FIDE LEASE WITH A TERM OF NOT LESS THAN SIX (6) MONTHS.

EXCEPT AS SET FORTH IN THE PROJECT DOCUMENTS AS THEY EXIST ON THE DATE HEREOF, EACH MORTGAGE LOAN IS AN INDEBTEDNESS OF THE PARTNERSHIP (1) FOR WHICH NO PARTNER OR RELATED PERSON BEARS THE ECONOMIC RISK OF LOSS, (2) WHICH IS SECURED BY THE PROJECT, AND (3) WHICH IS NOT CONVERTIBLE INTO AN EQUITY INTEREST IN THE PARTNERSHIP.

NO PART OF THE PROJECT OR ITS OPERATION HAS BEEN, DIRECTLY OR INDIRECTLY, FINANCED AT ANY TIME WITH EITHER (1) AN OBLIGATION THE INTEREST ON WHICH IS EXEMPT FROM TAX UNDER SECTION 103 OF THE CODE OR (2) ANY LOAN FUNDED IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, WITH FEDERAL FUNDS (OTHER THAN FUNDS PROVIDED PURSUANT TO SECTION 106, 107 OR 108 OF THE HOUSING AND COMMUNITY DEVELOPMENT ACT OF 1974) IF THE RATE OF INTEREST PAYABLE ON SUCH LOAN IS LESS THAN THE APPLICABLE FEDERAL RATE IN EFFECT UNDER SECTION 1274(D)(1) OF THE CODE (AS OF THE DATE ON WHICH EACH ADVANCE OF THE LOAN IS MADE).

THE ALLOCATION OF 2002 LOW INCOME HOUSING TAX CREDIT WAS NOT MADE PURSUANT TO THE "NONPROFIT SETASIDE" PROVISIONS OF SECTION 42(H)(5) OF THE CODE.

THE PARTNERSHIP HAS NOT ELECTED TO LOCK IN A CREDIT PERCENTAGE WITH RESPECT TO THE QUALIFIED BASIS OF THE PROJECT UNDER SECTION 42(B)(2)(A)(II) OF THE CODE.

A LOW-INCOME HOUSING LONG-TERM USE COMMITMENT IN ACCORDANCE WITH SECTION 42(H)(6) OF THE CODE WILL BE RECORDED AS A RESTRICTIVE COVENANT NOT LATER THAN THE CLOSE OF THE FIRST YEAR OF THE CREDIT PERIOD.

THE INVESTMENT ASSUMPTIONS ARE ACCURATE AND COMPLETE IN ALL MATERIAL RESPECTS AND ARE REASONABLE IN LIGHT OF ALL OF THE FACTS AND CIRCUMSTANCES.

THE INFORMATION SUPPLIED BY THE UNDERSIGNED AND THEIR AFFILIATES TO THE INVESTOR LIMITED PARTNER IN CONNECTION WITH THE INVESTMENT OF THE INVESTOR LIMITED PARTNER IN THE PARTNERSHIP INCLUDING, WITHOUT LIMITATION, THE FACTS INCORPORATED INTO THE INVESTMENT ASSUMPTIONS, DOES NOT MISSTATE ANY MATERIAL FACT OR OMIT TO STATE ANY MATERIAL FACT NECESSARY IN ORDER TO MAKE SUCH INFORMATION PROVIDED, IN THE LIGHT OF THE CIRCUMSTANCES UNDER WHICH SUCH INFORMATION WAS PROVIDED, NOT MISLEADING.

THE FINANCIAL STATEMENTS REFERRED TO IN THE DOCUMENT SCHEDULE FAIRLY PRESENT THE FINANCIAL POSITION OF EACH PARTY

W294359.1

COVERED THEREBY AT THE DATE INDICATED, THERE HAS NOT BEEN ANY MATERIAL ADVERSE CHANGE IN THE FINANCIAL POSITION OF ANY SUCH PARTY SINCE SUCH DATE AND NO CIRCUMSTANCE OR EVENT HAS OCCURRED WHICH, WITH THE PASSAGE OF TIME, IS LIKELY TO RESULT IN A MATERIAL IMPAIRMENT OF THE FINANCIAL POSITION OF ANY SUCH PARTY.

THE GENERAL PARTNERS HAVE FURNISHED TO THE INVESTOR LIMITED PARTNER TRUE, CORRECT AND COMPLETE COPIES OF ALL MATERIAL CONTRACTS AND COMMITMENTS IN EXISTENCE AT THE DATE HEREOF TO WHICH THE PARTNERSHIP OR THE PROJECT IS BOUND OR AFFECTED.

NEITHER THE GENERAL PARTNERS NOR ANY OF THEIR AFFILIATES HAVE MADE ANY OFFERING OF LIMITED PARTNERSHIP INTEREST OR OTHER EQUITY INTEREST IN THE PARTNERSHIP OR WITH RESPECT TO THE PROJECT WHICH WOULD SUBJECT THE TRANSACTION CONTEMPLATED BY THIS AGREEMENT TO THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 OR TO ANY COMPARABLE REGISTRATION REQUIREMENTS UNDER ANY STATE SECURITIES OR BLUE SKY LAW.

FEES TO BE PAID BY THE PARTNERSHIP TO THE GENERAL PARTNERS AND THEIR AFFILIATES WILL BE REASONABLE IN AMOUNT FOR SERVICES ACTUALLY PERFORMED OR MATERIAL ACTUALLY PROVIDED.

NO ACTION HAS BEEN OR WILL BE TAKEN WHICH WOULD CAUSE THE PARTNERSHIP TO ELECT TO BE TAXED AS A CORPORATION FOR FEDERAL INCOME TAX PURPOSES.

THE PARTNERSHIP'S BASIS IN THE PROJECT AS OF THE LATER OF DECEMBER 31, 2002 OR SIX MONTHS FOLLOWING THE DATE OF THE CREDIT ALLOCATION WAS MORE THAN 10% OF THE PARTNERSHIP'S REASONABLY EXPECTED AGGREGATE BASIS IN THE PROJECT AS OF DECEMBER 31, 2004, AND EACH BUILDING OF THE PROJECT WILL BE PLACED IN SERVICE NO LATER THAN DECEMBER 31, 2004.

THE ENTIRE PROJECT IS SITUATED WITHIN EITHER A "QUALIFIED CENSUS TRACT" OR A "DIFFICULT DEVELOPMENT AREA" WITHIN THE MEANING OF SECTION 42(D)(5)(C) OF THE CODE.

The undersigned acknowledges that tax counsel to the Investor Limited Partner will rely upon the foregoing certifications for purposes of its preparation and delivery of a tax opinion in connection with this transaction and hereby consents to such reliance.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Certificate to be duly executed as of the date and year first above written.

GENERAL PARTNERS:

DOUGLAS COMPANY, LLC,
A South Carolina limited liability company

By: _____
Name: David D. Douglas
Managing Member

BLUE CROW DEVELOPMENT, LLC,
a South Carolina limited liability company

By: _____
Name: Brad Quechner
Managing Member

GUARANTOR:

DAVID D. DOUGLAS

_____

W294359.1