UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS COMPANY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MMA KINGS CROSSING, LLC; MMA SHELL POINTE, LLC; MMA DOUGLAS MONTAGUE, LLC; and BFIM SPECIAL LIMITED PARTNER, INC.,<br><br>        Defendants. | Case No. 1:20-cv-10875-DJC |

**ANSWER TO COUNTERCLAIM OF DEFENDANTS
MMA KINGS CROSSING, LLC; MMA SHELL POINT, LLC;
MMA DOUGLAS MONTAGUE, LLC;
AND BFIM SPECIAL LIMITED PARTNER, INC.**

Plaintiff Douglas Company, LLC ("Douglas" or "Plaintiff")[1] as and for its Answer to Defendants MMA Kings Crossing, LLC , MMA Shell Point, LLC's, and BFIM Special Limited Partner, Inc.'s, (collectively, "Defendants") Counterclaim (the "Counterclaim"), states and alleges as follows:

**ANSWER TO COUNTERCLAIM**

Douglas denies each and every allegation, matter and thing alleged in the Counterclaim, including the section headings contained herein, unless hereinafter specifically admitted or otherwise qualified.  Specifically, the allegations included in the unnumbered introductory

---

[1] All defined terms included herein shall have the same meaning as set forth in Plaintiffs' Complaint, unless expressly provided otherwise.

paragraphs from pages 16 through 18 of the Counterclaim contain a summary of the alleged dispute and the relief sought by Defendants to which no response is required.

## PARTIES

1. Douglas admits the allegations in Paragraph 1 of the Counterclaim.

2. Douglas admits the allegations in Paragraph 2 of the Counterclaim.

3. Douglas admits the allegations in Paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim does not contain any factual allegations to which a response is required.

5. Douglas admits the allegations in the first two sentences of Paragraph 5 of the Counterclaim. The third sentence does not contain any factual allegations to which a response is required.

6. Douglas admits the allegations in Paragraph 6 of the Counterclaim.

## FACTUAL ALLEGATIONS

7. Douglas admits the allegations in Paragraph 7 of the Counterclaim, but denies any implication by use of the phrase "initial capital contribution" that MMA Kings Crossing made subsequent capital contributions.

8. Douglas admits the allegations in Paragraph 8 of the Counterclaim, but denies any implication by use of the phrase "initial capital contribution" that MMA Shell Pointe made subsequent capital contributions.

9. Douglas admits the allegations in Paragraph 9 of the Counterclaim, but denies any implication by use of the phrase "initial capital contribution" that MMA Montague made subsequent capital contributions.

10. Douglas admits the allegations in Paragraph 10 of the Counterclaim and further answers that the Projects are subject to an additional 15-years of compliance with the affordability restrictions pursuant to the extended use period.

11. Douglas admits the allegations in Paragraph 11 of the Counterclaim.

12. The content of the Douglas's Complaint and Defendants' Counterclaim speaks for itself. To the extent Paragraph 12 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the Complaint and Counterclaim, Douglas denies the same.

13. The content of Section 6.4J of the LPAs speaks for itself. To the extent Paragraph 13 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.4J of the LPAs, Douglas denies the same.

14. The content of Article IIIA(i) of the LPAs speaks for itself. To the extent Paragraph 14 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Article IIIA(i) of the LPAs, Douglas denies the same.

15. The content of Article IIIB of the LPAs speaks for itself. To the extent Paragraph 15 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Article IIIB of the LPAs, Douglas denies the same.

16. The content of Section 10.2 of the LPAs speaks for itself. To the extent Paragraph 16 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 10.2 of the LPAs, Douglas denies the same.

17. Douglas denies the allegations in Paragraph 17 of the Counterclaim.

18. The content of Section 6.13 of the LPAs speaks for itself. To the extent Paragraph 18 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13 of the LPAs, Douglas denies the same.

19. The content of Section 6.13B of the LPAs speaks for itself. To the extent Paragraph 19 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13B of the LPAs, Douglas denies the same.

20. The content of Section 6.13C of the LPAs speaks for itself. To the extent Paragraph 20 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13C of the LPAs, Douglas denies the same.

21. The content of Sections 6.13C and 6.13D of the LPAs speaks for itself. To the extent Paragraph 21 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Sections 6.13C and 6.13D of the LPAs, Douglas denies the same.

22. The content of Section 6.13D of the LPAs speaks for itself. To the extent Paragraph 22 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13D of the LPAs, Douglas denies the same.

23. The content of Section 6.13E(iv) of the LPAs speaks for itself. To the extent Paragraph 23 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13E(iv) of the LPAs, Douglas denies the same.

24. The content of Article I of the LPAs speaks for itself. To the extent Paragraph 24 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Article I of the LPAs, Douglas denies the same.

25. Douglas denies the allegations in Paragraph 25 of the Counterclaim.

26. The content of Section 6.13C(ii) of the LPAs speaks for itself. To the extent Paragraph 26 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, Section 6.13C(ii) of the LPAs, Douglas denies the same.

27. Paragraph 27 of the Counterclaim references communications that were not attached to the Counterclaim. At this time, Douglas lacks sufficient information and can neither admit nor deny the allegation in full, but responds that at some time 2019, Douglas did propose two appraisers to the Limited Partners.

28. Paragraph 28 of the Counterclaim references communications that were not attached to the Counterclaim. At this time, Douglas lacks sufficient information and can neither admit nor deny the allegation in full, but responds that at some time 2019, the Limited Partners did select Cushman & Wakefield as the appraiser.

29. Paragraph 29 of the Counterclaim references communications that were not attached to the Counterclaim. At this time, Douglas lacks sufficient information and can neither admit nor deny the allegation.

30. Douglas admits the allegations in Paragraph 30 of the Counterclaim. Douglas further avers that the content of the Buyout Notices speaks for itself. To the extent Paragraph 30 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the Buyout Notices, Douglas denies the same.

31. Douglas admits the allegations in the first sentence and the first part of the second sentence of Paragraph 31 of the Counterclaim, but denies everything after "materially less than . . ."

32. Douglas admits the allegations in the first sentence and the first part of the second sentence of Paragraph 32 of the Counterclaim, but denies everything after "materially less than . . ."

33. Douglas admits the allegations in the first sentence and the first part of the second sentence of Paragraph 33 of the Counterclaim, but denies everything after "materially less than . . ."

34. Paragraph 34 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 34 of the Counterclaim.

35. Paragraph 35 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 35 of the Counterclaim.

36. The content of Forced Sale Notices and Section 6.4J of the LPAs speaks for itself. To the extent Paragraph 36 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the Forced Sale Notices or Section 6.4J of the LPAs, Douglas denies the same.

37. Douglas admits that, on January 9, 2020, the Limited Partners responded to Douglas's Buyout Notices. Douglas denies Defendants' allegations in Paragraph 37 that the Buyout Notices were "ineffective" or "contained material errors." Douglas further avers that the content of the Buyout Notices and January 9, 2020 Letters speaks for itself. To the extent Paragraph 37 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the Buyout Notices and January 9, 2020 Letters, Douglas denies the same.

38. Paragraph 38 of the Counterclaim states a legal conclusions to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 38 of the Counterclaim. Douglas further avers that the content of the LPAs, the Buyout Notices, and January 9, 2020 Letters speaks for itself. To the extent Paragraph 38 of the Counterclaim is

inconsistent with, or otherwise mischaracterizes, the LPAs, the Buyout Notices, and January 9, 2020 Letters, Douglas denies the same.

39.     The content of the January 9, 2020 Letters speaks for itself. To the extent Paragraph 39 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the January 9, 2020 Letters, Douglas denies the same.

40.     Douglas admits that, on January 29, 2020, it sent the Amended Buyout Notices which included revised valuation dates to match the date of the new closing on March 31, 2020. Douglas denies the remaining allegations in Paragraph 40 of the Counterclaim.

41.     Douglas admits the allegations in the first sentence and the first part of the second sentence of Paragraph 41 of the Counterclaim, but denies everything after "materially less than . . ."

42.     Douglas admits the allegations in the first sentence and the first part of the second sentence of Paragraph 42 of the Counterclaim, but denies everything after "materially less than . . ."

43.     Douglas admits the allegations in the first sentence and most of the first part of the second sentence of Paragraph 43 of the Counterclaim, but denies everything after "materially less than . . ." Douglas further denies that the Buyout Price was "without explanation."

44.     Douglas admits the allegation in Paragraph 44 that in the appraisals attached to the amended Buyout Notices, the appraiser properly concluded that the Forced Sale Right is not "economically relevant" for valuation purposes and did not consider the Investor Limited Partners' positive capital accounts in the valuation of their Interests. Douglas denies that the allegations in Paragraph 44 that the appraisals prepared by the appraiser included any "erroneous conclusions" or should have included consideration of the Investor Limited Partners' positive capital accounts.

45. Douglas denies that the Amended Buyout Notices included any "flawed arguments." Douglas further avers that the content of the Amended Buyout Notices and LPAs speaks for itself. To the extent Paragraph 45 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the Amended Buyout Notices and LPAs, Douglas denies the same.

46. Douglas admits the allegations in the first sentence of Paragraph 46 of the Counterclaim. Douglas denies the allegation in the second sentence of Paragraph 46 of the Counterclaim that the Amended Buyout Notices contained "baseless arguments." Douglas further avers that the content of the February 7, 2020 letters speaks for itself. To the extent Paragraph 46 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the content of the February 7, 2020 letters, Douglas denies the same.

47. Paragraph 47 of the Counterclaim states a legal conclusions to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 47 of the Counterclaim.

48. Paragraph 48 of the Counterclaim states a legal conclusions to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 48 of the Counterclaim.

49. Paragraph 49 of the Counterclaim states a legal conclusions to which no response is required. To the extent a response is required, Douglas denies the allegations in Paragraph 49 of the Counterclaim. Douglas further responds that the content of the LPAs speaks for itself. To the extent Paragraph 49 of the Counterclaim is inconsistent with, or otherwise mischaracterizes, the LPAs, Douglas denies the same.

50. Douglas denies the allegations in Paragraph 50 of the Counterclaim.

51. Douglas is without sufficient knowledge or information to form a belief as to the truth of Defendants' allegations in Paragraph 51 of the Counterclaim, and therefore deny the same. Douglas further responds that there was no expectation of a return of capital contributions at the time the LPAs were entered.

52. Douglas is without sufficient knowledge or information to form a belief as to the truth of Defendants' allegations in Paragraph 52 of the Counterclaim, and therefore deny the same. Douglas further responds that there was no expectation of a return of capital contributions at the time the LPAs were entered.

53. Douglas is without sufficient knowledge or information to form a belief as to the truth of Defendants' allegations in Paragraph 53 of the Counterclaim, and therefore deny the same. Douglas further responds that there was no expectation of a return of capital contributions at the time the LPAs were entered.

54. Douglas is without sufficient knowledge or information to form a belief as to the truth of Defendants' allegations in Paragraph 54 of the Counterclaim, and therefore deny the same. Douglas further responds that there was no expectation of a return of capital contributions at the time the LPAs were entered.

55. Douglas denies the allegations in Paragraph 55 of the Counterclaim.

56. The content of the Document Schedule and the LPAs speaks for itself. To the extent Paragraph 56 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the Document Schedule and the LPAs, Douglas denies the same.

57. Douglas is without sufficient knowledge or information to form a belief as to the truth of Defendants' allegations in Paragraph 57 of the Counterclaim, and therefore deny the same.

58. The content of the Closing Certificates speaks for itself. To the extent Paragraph 58 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the Closing Certificates, Douglas denies the same.

59. The content of the Closing Certificates and Section 6.5(xxi) of the LPAs speaks for itself. To the extent Paragraph 59 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the Closing Certificates and Section 6.5(xxi) of the LPAs, Douglas denies the same.

60. The content of the Document Schedule and the LPAs speaks for itself. To the extent Paragraph 60 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the Document Schedule and the LPAs, Douglas denies the same.

61. Douglas admits the allegations in the first sentence of Paragraph 61 of the Counterclaim. The remaining allegations in Paragraph 61 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is required, Douglas denies the remaining allegations in Paragraph 61 of the Counterclaim.

62. Douglas admits that on January 9, 2020 and February 7, 2020, Defendants sent letters to Douglas. Douglas denies the remainder of the allegations in Paragraph 62 of the Counterclaim.

## COUNT I
(Declaratory Relief – 28 U.S.C. §2201)

63. Douglas restates and realleges all responses provided in the preceding paragraphs as though fully set forth herein.

64. Paragraph 64 of the Counterclaim, including subparts (a) through (h), state a summary of the issues in controversy in this Action to which no response is required. Douglas further avers that the content of the Complaint and Counterclaim speaks for itself. To the extent

Paragraph 64, and the attendant subparts, of the Counterclaim are inconsistent with, or otherwise mischaracterize, the disputed issues set forth in the Complaint and Counterclaim, Douglas denies the same.  Douglas further denies that Defendant is entitled to any of the relief it seeks.

65. Paragraph 65 of the Counterclaim state a legal conclusion to which no response is required.

## COUNT II
(Breach of Contract)

66. Douglas restates and realleges all responses provided in the preceding paragraphs as though fully set forth herein.

67. Douglas admits the allegation in Paragraph 67 of the Counterclaim that on January 2, 2020, Defendants purported to exercise the Investor Limited Partners' Forced Sale Rights after Douglas had already exercised its Buyout Options.  Douglas further responds that the content of the January 2, 2020 letters speaks for itself.  To the extent Paragraph 67 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the January 2, 2020 letters, Douglas denies the same

68. The content of the January 9, 2020 letters speaks for itself.  To the extent Paragraph 68 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the January 9, 2020 letters, Douglas denies the same

69. The content of the January 29, 2020 letter speaks for itself.  To the extent Paragraph 69 of the Counterclaim is inconsistent with, or otherwise mischaracterizes the January 29, 2020 letter, Douglas denies the same

70. Douglas admits the allegations in Paragraph 70 of the Counterclaim.  Douglas further responds that Defendants' Forced Sale Rights were extinguished upon Douglas's exercise

of its Buyout Options and thus Douglas had no duty to confirm that it "was attempting to find a buyer for the Projects."

71. Douglas admits the allegations in Paragraph 71 of the Counterclaim. Douglas further responds that Defendants' Forced Sale Rights were extinguished upon Douglas's exercise of its Buyout Options and thus Douglas had no duty to make "efforts to find a buyer for the Projects much less use its best efforts to find a buyer."

72. Douglas denies the allegations in Paragraph 72 of the Counterclaim.

73. Douglas denies the allegations in Paragraph 73 of the Counterclaim.

74. Douglas denies the allegations in Paragraph 74 of the Counterclaim.

Douglas denies that Defendants are entitled to the relief they seek in their Prayer for Relief in its entirety.

## **AFFIRMATIVE DEFENSES**

1. Defendants fail to state a claim upon which relief may be granted.

2. Defendants' claims are barred because Defendants have not suffered any damages and/or failed to mitigate its damages, if any.

3. Defendants' claims are barred due to Defendants' breach of contract.

4. Defendants' claims are barred due to Defendants' failure to satisfy conditions precedent.

5. Defendants' claims are barred by the doctrine of ratification.

6. Defendants' claims are barred by the doctrine of waiver.

7. Defendants' claims are barred by the doctrine of estoppel.

8. Defendants' claims are barred by the doctrine of unclean hands.

9. Defendants are not entitled to an award of attorneys' fees or costs incurred in this matter.

10. Defendants' claims are barred because Douglas has at all times acted in good faith.

Douglas reserves the right to amend its reply by way of adding additional affirmative defenses, or by instituting thirds party actions as additional facts are obtained through future investigation or discovery.

## PRAYER FOR RELIEF

WHEREFORE, Douglas respectfully requests that the Court:

1. Dismiss Defendants' Counterclaim in its entirety;

2. Enter a judgment in favor of Douglas and against Defendants; and

3. Award Douglas its costs, expenses, attorneys' fees as may be recoverable under law, and such further relief to which it may be entitled.

Dated:  September 30, 2020

Respectfully submitted,

DOUGLAS COMPANY, LLC,

By Its Attorneys,

*/s/ David A. Davenport*
David A. Davenport (*pro hac vice*)
Sean M. Zaroogian (*pro hac vice*)
WINTHROP & WEINSTINE, P.A.
225 S. Sixth Street, Suite 3500
Minneapolis, MN 55402
(612) 604-6400

-and-

Andrea L. Martin (BBO 666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
(617) 345-3000

20396961v2